STATE OF INDIANA ) ST. JOSEPH COUNTY CIRCUIT/SUPERIOR COURT
) SS:
COUNTY OF ST. JOSEPH ) CAUSE NO. 71D04-2001-CT-000014

BAKSHY CHIBBER and )
TONI CHIBBER, )
)
    Plaintiffs, )
)
)
v. )
)
SPEEDWAY, LLC ) **JURY DEMANDED**
)
    Defendant. )

## COMPLAINT FOR DAMAGES

Plaintiffs, Bakshy Chibber and Toni Chibber, by counsel, for their Complaint for Damages against Defendant Speedway, LLC, respectfully allege and state as follows:

1.    On or about October 25, 2019, Plaintiff Bakshy Chibber was severely injured while visiting the Speedway store #8532, located at 50724 IN-933, South Bend, IN 46637 ("Gas Station" hereafter), when he fell while walking in the station's pump lot.

2.    As set forth in more detail below, this incident and the resulting injuries and damages were the direct and proximate result of the negligence of the Defendant.

## FACTUAL BACKGROUND

3. At all times relevant to this Complaint, Plaintiffs Bakshy Chibber and Toni Chibber were residents of the City of South Bend, St. Joseph County, State of Indiana.

4. Defendant Speedway, LLC is a foreign for-profit corporation incorporated under the laws of Delaware with registered agent for service designated at C T Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN 46204.

5. At all times relevant to this action, Defendant owned, operated, controlled, and/or maintained the Gas Station.

6. At all times relevant to this action, Defendant's duties and responsibilities included, *inter alia*, the construction, operation, and maintenance of the Gas Station.

7. On or about May 14, 2019, Plaintiffs Bakshy Chibber and Toni Chibber were invitees upon the premises of the Gas Station.

8. While walking to his vehicle, Bakshy Chibber encountered an unreasonably unsafe condition in the Gas Station's pump lot that caused him to lose his footing and fall violently upon the lot's pavement.

9. As a direct result of the above-described circumstances and the fall he suffered, Bakshy Chibber sustained a number of severe and permanent injuries.

## CAUSES OF ACTION

10. The following is a non-exhaustive list of causes of action supported by the facts of this case. *ARC Constr. Mgmt., LLC v. Zelenak*, 962 N.E.2d 692, 697 (Ind.

Ct. App. 2012) ("Under Indiana's notice pleading system, a pleading need not adopt a specific legal theory of recovery to be adhered to throughout the case."). These causes of action shall not in any way limit the legal bases for liability or recovery in this case.

## NEGLIGENCE

11. Plaintiffs incorporate by reference all allegations in this Complaint as if fully set forth below.

12. At the time of the incident described herein, Defendant owed certain duties of care for the safety and protection of invitees upon the grounds of the Gas Station.

13. Defendant, through its employees and/or agents, was negligent in one or more of the following ways:

   a. Failing to maintain the premises of the Gas Station in a reasonably fit and safe condition for the use of its invitees and patrons;

   b. Failing to reasonably inspect the Gas Station premises in order to discover and correct any defective conditions on the premises and structures thereupon;

   c. Failing to timely repair, remediate, correct, or take precautions with respect to a potentially dangerous condition of the premises within the Defendant's knowledge and control;

  d. Failing to disclose, notify, or warn Plaintiffs of hidden defects or dangers the premises, that the Defendant knew or should have known existed;

  e. Failing to update or refurbish the Gas Station premises in a reasonably prudent manner to prevent further deterioration and to remediate unsafe conditions; and/or

  f. Otherwise failing to exercise reasonable care for the safety, health, and wellbeing of invitees and patrons of the Gas Station.

14. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff Bakshy Chibber sustained serious and permanent bodily injuries.

15. As a result of the aforementioned injuries and in an effort to treat those injuries and lessen his physical pain and mental anguish, Plaintiff Bakshy Chibber has been required to engage the services of physicians and health care providers for medical treatment, and in doing so, has incurred costly medical expenses.

19. Plaintiff Bakshy Chibber will likely require future medical care for the injuries he sustained as a result of the Defendant's negligence, for which he will incur additional medical expenses.

16. As a direct and proximate result of the carelessness and negligence of the Defendant, Plaintiff Bakshy Chibber has experienced significant pain and suffering, mental anguish, and a diminishment in his quality of life.

17. As a direct and proximate result of the Defendant's negligence, Plaintiff Bakshy Chibber has been damaged.

18. Plaintiff Toni Chibber is the wife of Plaintiff Bakshy Chibber and has been at all times relevant to this Complaint. Toni Chibber has and continues to reside with Bakshy Chibber. The physical and mental injuries to Bakshy Chibber have caused Toni Chibber to suffer and continue to suffer the loss of consortium, love, care, companionship, and affection of her husband, Bakshy Chibber.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendant, in an amount commensurate with their injuries and damages, for costs of this action, prejudgment interest as allowed by law, and for all other just and proper relief.

### DEMAND FOR JURY TRIAL

The Plaintiffs respectfully demand a jury trial on all of their claims.

Respectfully submitted,

/s/ *Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
Lance R. Ladendorf, #30721-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Lance@PavlackLawFirm.com*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*